IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41333
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE KARL PIPKINS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CR-4-2
- - - - - - - - - -
October 24, 2001

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Dewayne Karl Pipkins and Charles Edward Williams each appeal from their jury convictions for conspiracy to possess with intent to distribute cocaine base. Pipkins, who was implicated in the conspiracy on the basis of the testimony of numerous accomplices or co-conspirators, asks us to overrule our decision in United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997), in which we held that uncorroborated testimony of a co-conspirator, even one who is cooperating with the Government, may be sufficient evidence to convict if it is not factually insubstantial or incredible.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Westbrook is binding on this court; absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993). Because Pipkins' sole argument on appeal is foreclosed by precedent, the district court's judgment as to him is AFFIRMED.

Williams argues that there is no evidence of an agreement between him and any person or that he knew of the essential objectives or scope of the conspiracy and had knowingly joined the conspiracy. We have reviewed the trial testimony and hold that the jury could have rationally concluded beyond a reasonable doubt that Williams was aware of the drug conspiracy involving Kenneth Jordan, Jose Lopez, Quinton Hearne, and Sonya Ray; that Williams knew that he was transporting cocaine; and that Williams had voluntarily agreed to participate in the drug conspiracy. United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996). Accordingly, the judgment of the district court as to Williams is AFFIRMED.